BALL LAW CORPORATION
JONATHAN BALL, SBN 264107
jb@ball-lawcorp.com
One Market, Spear Tower, 36th Fl.
San Francisco, CA 94105
Telephone:   (415) 349-0721
Facsimile:    (415) 520-6864

Attorneys for Plaintiff
iTALENT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| iTALENT CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>iTALENT INC. dba iTALENT-DWISE, INC.,<br><br>    Defendant. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1.  **TRADEMARK INFRINGEMENT**<br>2.  **FALSE DESIGNATION OF ORIGIN**<br>3.  **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |
|---|---|

Plaintiff iTALENT CORPORATION ("Plaintiff"), by and through its attorneys, Ball Law Corporation, for its Complaint against defendant iTalent INC., doing business as iTALENT-DWISE, INC. ("Defendant"), alleges the following:

**PRELIMINARY STATEMENT**

1.      This is an action for willful and deliberate infringement of iTALENT CORPORATION's federally-registered and incontestable service mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125, and for trademark infringement and unfair competition claims under the common laws of the State of California, all arising from the Defendant's unauthorized use of the service mark

ITALENT in connection with the marketing, advertising, promotion, offering for sale, sale and provision of Defendant's information technology ("IT") consulting, software development and software implementation services.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1338(a), as this action arises under the Lanham Act, 15 U.S.C. § 1114 et seq., as well as supplemental jurisdiction under 28 U.S.C. § 1367.

3. This Court also has jurisdiction under 28 U.S.C. § 1332, because Plaintiff and Defendant are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of fees and costs.

## VENUE

4. Venue is proper in this district under 28 U.S.C.§ 1391(b) and (c) because a substantial part of the events, omissions and acts giving rise to this action occurred in this district, and because Defendant is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff is a California corporation with its principal place of business at 5201 Great America Parkway, Suite 519, Santa Clara, California 95054. Plaintiff is a rapidly growing business that provides IT consulting, software development and IT recruiting services throughout the United States and in India.

6. Defendant is an Illinois corporation with an address of record at 3333 Warrenville Rd, Warrenville, Illinois 60532. Defendant describes itself as "an Information Technology services company providing software consulting services and software services, including designing, developing, installing, and supporting software code and databases." Defendant has been registered as a foreign entity qualified to do business in California since at least March 24, 2009. Defendant made this registration under the

name, "ITALENT INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS ITALENT-DWISE, INC." Defendant's agent for service of process in California is Madhukar Hittuvalli, with an address at 820 Phoenix Court, Fremont, California. Mr. Hittuvalli is also Defendant's President.

## FACTS

*iTalent Corporation's Business and Mark*

7. As mentioned, Plaintiff offers and provides IT consulting, software development and IT recruiting services. Plaintiff offers and sells its IT services under the ITALENT Mark to clients, many of whom are Fortune 500 corporations and industry leaders in the computer, internet, and financial industries, among others. Plaintiff's principals have been involved in Fortune 500 businesses for over 20 years, which cumulative experience has earned Plaintiff considerable presence and good will among its client industries. iTalent Corporation owns the "iTalent" trademark (hereinafter, the "ITALENT Mark"), which is registered on the Principal Register in the US Patent and Trademark Office (USPTO) under registration number 3474890, for iTalent Corporation's information technology consulting services. A copy of iTalent Corporation's registration is attached hereto as **Exhibit 1**. The ITALENT Mark's federal registration is in full force and effect, and it is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serves as conclusive evidence of the validity of and Plaintiff's ownership of the ITALENT Mark.

8. Plaintiff has used the ITALENT Mark in commerce throughout the entire United States continuously since at least as early as May 1, 2005, in connection with the distribution, provision, offering for sale, sale, marketing, advertising and promotion of its services. Plaintiff also uses the ITALENT Mark in commerce in India.

9. As a result of its widespread, continuous use of the ITALENT Mark to identify its services and Plaintiff as the source of those services, Plaintiff owns valid and subsisting federal statutory and common law rights to the ITALENT Mark. iTalent Corporation has expended and continues to expend substantial time, money and

resources marketing, advertising and promoting the services sold under the ITALENT Mark, including, without limitation, through Plaintiff's marketing, advertising and promotional efforts and channels for services under the ITALENT Mark. The services Plaintiff offers under the ITALENT Mark are of the highest quality. As a result of Plaintiff's expenditures and efforts, the ITALENT Mark has come to signify the high quality of the services provided by Plaintiff and designated by the ITALENT Mark. The ITALENT Mark has, as a result, acquired and accumulated incalculable distinction, reputation and goodwill belonging exclusively to Plaintiff.

*Defendant's Unlawful Conduct*

10. On May 9, 2008, Defendant applied to the USPTO to register "iTalent Inc" as a service mark (application serial number 77469913). Defendant stated in its application that its first use of the "iTalent Inc" mark (the "Infringing Mark") in commerce occurred on August 12, 2006, which is more than one year <u>after</u> Plaintiff began to use the ITALENT Mark in commerce.

11. On August 26, 2008, the USPTO notified Defendant that it denied Defendant's application to register the "iTalent Inc" mark ("USPTO Notice"). In the USPTO Notice, the USPTO explained that it refused Defendant's application because the mark Defendant sought to register would be confusingly similar to Plaintiff's ITALENT Mark. The USPTO wrote:

> Registration of the applied-for mark is refused because of a likelihood of confusion with iTalent Corporation's mark in U.S. Registration No. 3474890.
>
> **Applicant's proposed mark is confusingly similar to the registered mark because the marks contain the identical wording "italent". The literal element of the marks is identical in sound, appearance, meaning and overall commercial impression.**
>
> The inclusion by iTalent, Inc. of the small eye design and the wording "inc" does not obviate the likelihood of confusion.
>
> The word portions of the marks are identical in appearance, sound and meaning. The addition of the design element does

> not obviate the similarity of the marks in this case. See In re Shell Oil Co., 992 F.2d 1204, 1206, 26 USPQ2d 1687, 1688 (Fed. Cir. 1993); TMEP §1207.01(c)(ii).
>
> The wording "Inc" merely describes iTalent, Inc.'s legal entity and has no real trademark significance.

12. USPTO records reflect that Defendant abandoned its application for registration of the Infringing Mark on February 27, 2009, by failing to respond timely to the USPTO Notice.

13. Since at least as early as 2008, when Defendant received the USPTO Notice, Defendant has had actual knowledge of the existence and of Plaintiff's ownership of the ITALENT Mark.

14. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's ITALENT Mark. Among other things, the Infringing Mark's use of the term ITALENT is identical to that of Plaintiff's ITALENT Mark; and the services offered by Defendant under the Infringing Mark are identical or nearly identical to the services offered by Plaintiff under Plaintiff's ITALENT Mark.

15. Since at least 2008, when Defendant received the USPTO Notice, Defendant has had actual knowledge that the Infringing Mark is confusingly similar to the ITALENT Mark.

16. Despite Defendant's actual knowledge that its use of the Infringing Mark was and is unlawful, Defendant has consistently used and continues to use the Infringing Mark on every or nearly every page of its website, and as part of its website's internet address (or "URL"), www.italentinc.com.

17. Upon information and belief, the services Defendant has distributed, provided, marketed, advertised, promoted, offered for sale and sold under the Infringing Mark since 2006 are the same types of services – namely IT consulting and software implementation – that Plaintiff has, consistently *since 2005* and on a nationwide basis, distributed, provided, marketed, advertised, promoted, offered for sale and sold under the

ITALENT Mark.

18. Upon information and belief, Defendant's clients include the likes of Microsoft, NEC, USBank, Barclay's, Samsung, and other Fortune 500 corporations and industry leaders in the computer, internet, and financial industries, among others.

19. Plaintiff never authorized Defendant to use the ITALENT Mark in any manner at any time.

20. Defendant's infringing acts as alleged herein have caused, now cause, and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff (or vice-versa).

21. Defendant's unlawful use of the Infringing Mark has resulted in numerous instances of actual confusion in the marketplace.

22. Upon information and belief, the harm caused by this likelihood of confusion is compounded by Defendant's disputes with its own customers. For example, one of Defendant's former customers has made claims against Defendant in a lawsuit currently pending in federal court, alleging that Defendant, when hired as a contractor for such customer, misappropriated such customer's confidential information to develop and market for Defendant's own account a product that competed directly with such customer's offerings. The negative associations that spring from these allegations are likely to be improperly and incorrectly connected to Plaintiff because Defendant continues to do business under the Infringing Mark.

23. Upon information and belief, Defendant's unauthorized use of the ITALENT Mark has been willful and deliberate, with the intent to trade on the goodwill of Plaintiff's ITALENT Mark, cause confusion and deception in the marketplace and divert potential sales of Plaintiff's services to the Defendant.

24. Defendant's acts are causing, and unless restrained, will continue to cause

damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

**(For Federal Service Mark Infringement)**

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26. Defendant's unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake or deception and constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

27. Upon information and belief, Defendant has committed the foregoing acts of infringement with actual knowledge of Plaintiff's prior rights to the ITALENT Mark and with the willful and deliberate intent to cause confusion and to trade on Plaintiff's goodwill.

28. Defendant's conduct is causing immediate and irreparable harm and injury to iTalent Corporation and to its goodwill and reputation, and will continue both to damage iTalent Corporation and to confuse the public, unless this Court enjoins Defendant. Plaintiff has no adequate remedy at law.

29. iTalent Corporation is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of this action under 15 U.S.C. §§ 1116-1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

**(For Federal Unfair Competition and False Designation of Origin)**

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 hereof, as if fully set forth herein.

31. Defendant's unauthorized use in commerce of the Infringing Mark as

alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

32. Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the existence of an affiliation, connection or association of Defendant with Plaintiff, when in fact no such affiliation, connection or association exists.

33. Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception causing clients, potential clients, and others in the marketplace to mistakenly believe that the services associated with Defendant originate with, are sponsored by or are affiliated with Plaintiff.

34. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

35. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under the Lanham Act, 15 at U.S.C. §§1116, 1117, together with prejudgment and post judgment interest.

### THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

36. Plaintiff repeats and re-alleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37. Defendant's unauthorized use in commerce of the Infringing Mark as described herein constitutes trademark infringement and unfair competition at common law. Plaintiff and the public have been damaged by this infringement and unfair competition, and, unless Defendant is enjoined, will continue to be damaged.

38. The above-described uses and acts permit Defendant to misappropriate

and unfairly trade upon the valuable goodwill and reputation of Plaintiff and will subject the goodwill and reputation of Plaintiff to the hazards and perils attendant upon the business activities of Defendant, activities over which Plaintiff has no control.

## PRAYER FOR RELIEF

Plaintiff requests the following relief as a result of the unlawful acts of Defendant described herein:

1. A judgment in favor of Plaintiff on all of the claims for relief pleaded herein.

2. That Defendant, and all persons and entities acting in concert with it, be preliminarily and thereafter permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116, from using in any manner in connection with their websites, domain names, or the services or goods offered or sold by them, or in connection with any advertising or promotions for such businesses, services, or goods, the ITALENT Mark or any other trade name or trademark containing the ITALENT Mark.

3. An order requiring Defendant to amend its entity name with all applicable governmental entities so that its entity name no longer contains the Infringing Mark, and to make all necessary filings and otherwise take all necessary actions to remove the Infringing Mark from the name(s) of the named parties in the Pending Litigation.

4. An order requiring Defendant, and each person and entity acting in concert with it, to cease using any domain name containing the ITALENT Mark, and to transfer to Plaintiff ownership of any such domain names that are under Defendant's control, including, but not limited to, <italentinc.com>.

5. That Defendant, and all persons and entities acting in concert with it, be preliminarily and thereafter permanently enjoined and restrained from registering any domain names containing the ITALENT Mark in the future.

6. An award to Plaintiff of compensatory and consequential damages flowing from Defendant's wrongful acts, as described herein.

7. An order requiring Defendant to disgorge any and all revenues, gains, profits, and advantages obtained and to be obtained by Defendant as a result of Defendant's unlawful acts as described herein.

8. An order finding that this case is exceptional and awarding enhanced damages and attorney's fees pursuant to 15 U.S.C. §1117(a).

9. An order that Plaintiff recover its costs from Defendant.

10. An order awarding Plaintiff pre-judgment and post-judgment interest.

11. An order for such other and further relief as the Court may deem just and appropriate.

DATED: October 13, 2014    BALL LAW CORPORATION

By: /s/ JONATHAN S. BALL
JONATHAN S. BALL
Attorneys for Plaintiff
iTALENT CORPORATION

## DEMAND FOR JURY TRIAL

Plaintiff iTalent Corporation hereby demands a trial by jury of all claims so triable.

DATED: October 13, 2014    BALL LAW CORPORATION


By: /s/ JONATHAN S. BALL
JONATHAN S. BALL
Attorneys for Plaintiff
iTALENT CORPORATION

**EXHIBIT 1**

PLAINTIFF'S FEDERAL TRADEMARK REGISTRATION

COMPLAINT FOR TRADEMARK INFRINGEMENT

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,474,890
Registered July 29, 2008

## SERVICE MARK
### PRINCIPAL REGISTER

# iTalent

ITALENT CORPORATION (CALIFORNIA CORPORATION)
5201 GREAT AMERICA PARKWAY
SANTA CLARA, CA 95054

FOR: INFORMATION TECHNOLOGY CONSULTATION, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 5-1-2005; IN COMMERCE 5-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-207,112, FILED 6-15-2007.

CAROL SPILS, EXAMINING ATTORNEY